IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WENDY EDMONDS, On Behalf of Herself and All Others Similarly Situated, § § § | | |
| Plaintiff, § § | | |
| v. § | | CIVIL ACTION NO. 3:20-cv-2115 |
| § | | |
| CARIBOU COFFEE COMPANY, INC (a/k/a and/or d/b/a Einstein Bros. Bagels), § § § | | JURY TRIAL DEMANDED |
| § | | COLLECTIVE ACTION |
| Defendant. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Wendy Edmonds ("Edmonds" or "Plaintiff"), on behalf of herself and all others similarly situated, files this Complaint against Caribou Coffee Company, Inc. (a/k/a and/or d/b/a Einstein Bros. Bagels) ("Defendant"), showing in support as follows:

### I.     NATURE OF THE CASE

1.    This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA/PPPA") for Defendant's failure to pay Plaintiff time and one-half her regular rate of pay for all hours worked over 40 during each seven day workweek as an employee of Defendant. Plaintiff also brings and individual claim for violations of the FLSA's anti-retaliation provision.

2.    Plaintiff and the putative collective action members work/worked for Defendant as hourly paid bagel and coffee shop employees.

3.    Plaintiff files this lawsuit on behalf of herself and as a FLSA/PPPA collective action on behalf of all other similarly situated current and/or former hourly paid bagel and coffee shop employees of Defendant who routinely work(ed) more than 40 hours per seven-day workweek,

and like Plaintiff, are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each such workweek in the time period of three years preceding the date this lawsuit was filed and forward.

4. Plaintiff and the collective action members seek all damages available under the FLSA/PPPA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.   THE PARTIES, JURISDICTION, AND VENUE

**A.   Plaintiff Wendy Edmonds**

5. Plaintiff is a natural person. She has standing to file this lawsuit.

6. By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA/PPPA action pursuant to 29 U.S.C. § 216(b). Plaintiff's consent to join is attached to this Complaint as Exhibit A.

**B.   Collective Action Members**

7. The putative collective action members are all current and/or former hourly paid bagel and coffee shop employees of Defendant who are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek. Because Defendant did not and does not pay all overtime premium compensation to its hourly paid bagel and coffee shop employees who routinely work(ed) in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA/PPPA.

8. The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward, or such other time period as deemed appropriate by the Court.

9. Plaintiff reserves the right to redefine the class, request more than one class, and/or request sub-classes relative to any motion for conditional certification filed in this lawsuit.

C. **Defendant Caribou Coffee Company, Inc. (a/k/a and/or d/b/a Einstein Bros. Bagels)**

10. Defendant is a foreign for-profit corporation.

11. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

12. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

13. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

14. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person.

15. For example, Defendant employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include coffee, coffee related ingredients, cups, cup lids, straws, cutlery, bags/sacks, bagel-related ingredients, and soft drinks.

16. On information and belief, Defendant has had annual gross sales or business volume in excess of $500,000 at all times relevant to this lawsuit.

17. According to the Texas Secretary of State, Defendant's principal place of business is located at 350 North Saint Paul Street, Dallas, Texas 75201.

18.     Defendant may be served with summons through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

**D.      Jurisdiction and Venue**

19.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

20.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

21.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

22.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases her claims on federal law, namely the FLSA/PPPA.

23.     Venue is proper in this Court because Plaintiff worked for Defendant in Dallas County, Texas, and events relevant to Plaintiff's claims in this lawsuit occurred in Dallas County, Texas.

### III.    FACTUAL BACKGROUND

24.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

25.     Defendant operates numerous bagel and coffee shop locations in Texas and states other than Texas.

26.     Plaintiff's dates of employment with Defendant are approximately September 25, 2015 to present.

27. Plaintiff is paid on an hourly basis by Defendant. Plaintiff's current hourly rate of pay is approximately $12.00.

28. Plaintiff is employed by Defendant at its bagel and coffee shop located at 14999 Preston Road, Suite 108C, Dallas, Texas 75254.

29. Although the name of the employer on Plaintiff's paystubs is Caribou Coffee Company, Inc., Plaintiff is employed by Defendant at a bagel and coffee shop bearing the name Einstein Bros. Bagels.

30. To the best of Plaintiff's knowledge, all employees employed by Caribou Coffee Company, Inc. in the Dallas area work at a store bearing the name Einstein Bros. Bagels. Plaintiff has had numerous co-workers that are and/or were employed by Caribou Coffee Company, Inc. in the Dallas area who work(ed) with her at a shop bearing the name Einstein Bros. Bagels

31. Defendant employs numerous other hourly paid bagel and coffee shop employees in its business operations nationally.

32. The Meal Break Deduction Claims - Defendant has a pattern and practice of deducting time from Plaintiff's hours worked in a workday for meal breaks Plaintiff did not take or receive. Employees of Defendant who managed time keeping for Plaintiff manipulated her time worked to deduct time for meal breaks she never received. For example, after Plaintiff clocked in and clocked out for a given workday, Defendant would adjust her time by deducting time from those hours worked for a meal break she never took or received. Plaintiff performed work doing her job duties as a bagel and coffee shop employee during those times that Defendant's employee's deducted time for meal breaks she never took or received. Those meal break time deductions routinely occurred in workweeks in which Plaintiff worked 40 or more hours. That deduction of time for meal breaks which Plaintiff did not take or receive resulted in Plaintiff's daily and weekly

hours worked being undercalculated by Defendant. Those unpaid hours resulted in Plaintiff not being paid time and one-half her regular rate of pay for all hours worked over 40 in each and every seven-day workweek of her employment with Defendant.

33. The Unpaid Short Break Claims - Defendant does not count all breaks Plaintiff took which were 20 minutes or less during a workday as time worked under the FLSA. That failure to count breaks in time of 20 minutes or less during the workday resulted in Plaintiff's daily and weekly hours worked being undercalculated by Defendant. The failure to count those short breaks as compensable time during the workday occurred in workweeks in which Plaintiff worked 40 or more hours and resulted in Plaintiff not being paid time and one-half her regular rate of pay for all hours worked over 40 in each and every seven-day workweek of her employment with Defendant.

34. The Retaliation Claim - Plaintiff confronted her general manager, Nathan Wood, about the deductions being made to her hours worked in approximately 2018. Mr. Wood became angry with Plaintiff, cursed her, and made threats regarding her job position and ongoing employment. That complaint did not result in Defendant changing its practices and policies complained of in this lawsuit. Plaintiff raised the time manipulation issue with the district manager, Matt Noe (who was a manager at a higher level than Mr. Wood), thereafter, but her complaint was brushed off and no changes were made by Defendant to correct its failure to pay Plaintiff for all overtime hours worked. Plaintiff complained again to her general manager about unpaid time in 2019, and shortly thereafter, Defendant retaliated against her by reducing her weekly hours which resulted in Plaintiff receiving less weekly pay.

35. During the time period of three years preceding the date this lawsuit was filed and forward, Defendant employed, and continues to employ, numerous other hourly paid bagel and coffee shop employees who, like Plaintiff, regularly work(ed) in excess of 40 hours per workweek.

Like Plaintiff, those other employees are subject to Defendant's practices and policies described in the Meal Break Deduction Claims and Unpaid Short Break Claims. As a result, Defendant did not and does not pay those other hourly paid bagel and coffee shop employees time and one-half their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek.

36. Defendant is and was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay when they work/worked in excess of 40 hours in a workweek pursuant to 29 U.S.C. § 207(a)(1).

37. Defendant did not and does not pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek.

38. The failure of Defendant to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for each and every hour worked over 40 in each seven-day workweek in the time period relevant to this lawsuit is a violation of the FLSA/PPPA.

### IV.  CONTROLLING LEGAL RULES

39. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

40. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g). "Under the [FLSA's] continuous workday rule, the workday is generally defined as the period between the

commencement and completion on the same workday of an employee's principal activity or activities. *Chambers v. Sears Roebuck & Co.*, 428 F. App'x 400, 422 (5th Cir. 2011) (citing *IBP, Inc. v. Alvarez*, 546 U.S. 21, 29, 126 S. Ct. 514, 521 (2005)). *See also* 29 C.F.R. § 790.6. (Pursuant to the Continuous Workday Rule "[p]eriods of time between the commencement of the employee's first principal activity and the completion of his last principal activity on any workday must be included in the computation of hours worked." However, "[e]mployers are not required to compensate employees for bona fide meal times." *Behnken v. Luminant Mining Co., LLC*, 997 F. Supp. 2d 511, 515 n.2 (N.D. Tex. 2014) (Fitzwater, J.) (Citing 29 C.F.R. § 785.19). "To qualify as a bona fide meal time, the employee must be completely relieved from duty." *Id.* "Ordinarily 30 minutes or more is long enough for a bona fide meal period." *Naylor v. Securiguard, Inc.*, 801 F.3d 501, 504-05 (5th Cir. 2015).

41. "Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time." *Sec'y United States DOL v. Am. Future Sys.*, 873 F.3d 420, 424 (3d Cir. 2017) (citing 29 C.F.R. § 785.18). The requirement that all breaks of 20 minutes or less during the workday be treated as compensable time is a "bright line" rule. *Id.*

42. "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

*Plaintiff's Original Complaint – Page* 8

43. An employee is employed for purposes of the FLSA if the employer has "knowledge, actual or constructive, that [s]he was working." *Mack v. Avara Cmty. Health Servs.*, No. 3:13-CV-1976-P, 2016 U.S. Dist. LEXIS 129266, at *3-4 (N.D. Tex. Feb. 5, 2016) (Solis, J.) (*citing Newton,* 47 F.3d at 748). "Constructive knowledge exists if by exercising reasonable diligence an employer would become aware that an employee is working overtime." *Von Friewalde v. Boeing Aero. Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009) (quotations and citation omitted).

44. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

45. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009). The employer has the burden of proof to establish that any remuneration may be excluded from the regular rate of pay. *Meadows v. Latshaw Drilling Co., LLC*, 338 F. Supp. 3d 587, 591 (N.D. Tex. 2018) (Godbey, J.).

46. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of

payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

47. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

48. It is "unlawful for any person … to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]." 29 U.S.C. § 215(a)(3).

### V.     FLSA/PPPA CLAIMS

49. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

50. At relevant times, Defendant is and/or was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

51. At relevant times, Defendant is and/or has been an enterprise engaged in commerce under the FLSA/PPA. 29 U.S.C. § 203(s)(1)(A).

52. Plaintiff and the putative collective action members are and/or were employees of Defendant pursuant to the FLSA/PPPA. 29 U.S.C. § 203(e).

53. Plaintiff and the putative collective action members are and/or were covered employees under 29 U.S.C. § 207(a)(1).

54. Plaintiff and the putative collective action members are and/or were paid on an hourly basis by Defendant.

55. At material times, Plaintiff and the putative collective action members regularly work and/or worked in excess of 40 hours per seven-day workweek as employees of Defendant.

56. Defendant is and/or was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1). That regular rate of pay must include all remuneration paid to Plaintiff and the putative collective action members.

57. Defendant failed to pay Plaintiff and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

58. The putative collective action members are and/or were similarly situated to the Plaintiff and to each other under the FLSA/PPPA. 29 U.S.C. § 216(b).

59. Defendant's violations of the FLSA/PPPA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant is and was aware that Plaintiff and the putative collective action members are not and were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven-day workweek. As previously identified, Plaintiff complained about Defendant not paying her for all time worked due to the improper time record manipulation. Defendant made no change to its practices and/or policies thereafter and instead threatened and retaliated against Plaintiff in violation of 29 U.S.C. § 215(a)(3).

60. Plaintiff and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

### VI.   FLSA/PPPA COLLECTIVE ACTION

61. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (Fish, J.) (certifying

nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (Boyle, J.) (same).

62. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of herself and all current and/or former employees of Defendant who: are and/or were hourly paid employs of Defendant working in/at bagel and coffee shops who are not and/or were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek because of Defendant's practices and/or policies relative to the Meal Break Deduction Claims and/or Unpaid Short Break Claims. Because Defendant did not and does not pay all overtime premium compensation owed to its hourly paid bagel and coffee shop employees who routinely work(ed) in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

63. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

64. Plaintiff reserves the right to establish sub-classes and/or modify collective action definition in any collective action certification motion or other filing.

## VII. JURY DEMAND

65. Plaintiff demands a jury trial.

## VIII. DAMAGES AND PRAYER

66. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendant and/or order(s) from the Court for the following:

   a. An order conditionally certifying this case as a FLSA/PPPA collective action and requiring notice to be issued to all putative collective action members;

   b. All damages allowed by the FLSA/PPPA, including back overtime wages and liquidated damages;

    c. All damages allowed for violation(s) of the FLSA's anti-retaliation provision;

    d. Legal fees;

    e. Costs;

    f. Post-judgment interest; and/or

    g. All other relief to which Plaintiff and the Collective Action Members are entitled.

Date: August 8, 2020.

                                        Respectfully submitted,

                               By:    s/ Allen R. Vaught
                                             Allen R. Vaught
                                             Attorney-In-Charge
                                             TX Bar No. 24004966
                                             avaught@txlaborlaw.com
                                             Nilges Draher Vaught PLLC
                                             1910 Pacific Ave., Suite 9150
                                             Dallas, Texas 75201
                                             (214) 251-4157 – Telephone
                                             (214) 261-5159 – Facsimile

                                             ATTORNEYS FOR PLAINTIFF